IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC.<br>201 Gibraltar Road, Suite 100<br>Horsham, PA 19044<br>　　　Plaintiff,<br>　　v.<br>ROBERT SAYSANA<br>18204 Bothell-Everett Highway, Suite B & C<br>Bothell, WA  98011<br>　　and<br>FIRM INVESTMENTS, LLC<br>18204 Bothell-Everett Highway, Suite B & C<br>Bothell, WA  98011<br>　　　Defendants. | :<br>:<br>:<br>:<br>:  No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, AAMCO TRANSMISSIONS, INC. ("ATI"), by and through its undersigned counsel, hereby complains against Defendants, Robert Saysana ("Saysana") and Firm Investments, LLC ("Firm Investments"), as follows:

1.  Plaintiff ATI is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.  Defendant Saysana is an adult individual who is a resident of Washington State and who has a principal place of business at 18204 Bothell-Everett Highway, Suite B & C of Building B, Bothell, WA 98011.

3.  Defendant Firm Investments is a Washington limited liability corporation, with its principal place of business located at 18204 Bothell-Everett Highway, Suite B & C of Building B, Bothell, WA 98011.

4.  This Court has subject matter jurisdiction pursuant to 15 U.S.C.A. §1121(a) and 28 U.S.C.A§1338(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair

competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §1332 (a) (diversity jurisdiction).

5. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendants have transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

## BACKGROUND

6. Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

7. ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission and general automotive repair centers throughout the United States and Canada. There are approximately 800 independent AAMCO locations licensed or franchised by ATI to operate transmission and general automotive repair centers under the "AAMCO" trade name and trademark.

8. The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicles and the operation of transmission and general automotive repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

9. Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10. ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission and general automotive repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

11. On or about February 28, 2007, ATI and Defendant Saysana entered into a franchise agreement, pursuant to which Saysana was authorized to use the name and mark "AAMCO" in connection with the operation of an AAMCO Transmission Center located at 18204 Bothell-Everett Highway, Suite B & C of Building B, Bothell, WA 98011 (the "Center"). A true and correct copy of the said franchise agreement (the "Franchise Agreement") is attached hereto and made a part hereof at Exhibit "A".

12. On or about March 24, 2008, the parties executed an amendment to the Franchise Agreement whereby Defendant Firm Investments was added as a franchisee under the Franchise Agreement. See Amendment to Franchise Agreement attached as part of the Franchise Agreement at Exhibit "A" hereto.

13. In a letter dated August 10, 2011, ATI notified Defendants that they were in breach of the Franchise Agreement for, among other things, failure to pay sums due and owing to ATI and to the Seattle/Tacoma, WA AAMCO Dealers Advertising Pool. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

14. In response, Defendants failed and refused to cure their payment failures with respect to the Franchise Agreement.

15. In a letter dated September 15, 2011, after giving prior written notice and an opportunity to cure, ATI terminated the Franchise Agreement for failure to pay monies due and owing and demanded that Defendants comply with their post termination obligations under the Franchise Agreement. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "D".

16. Section 19.2(a) of the Franchise Agreement provides that upon termination of the Franchise Agreement for any reason Defendant shall:

> (2) immediately and permanently discontinue the use of all AAMCO names and marks, signs, structures, all forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified or associated with the System or AAMCO and return all such materials and products, including without limitation, the Operator's Manual, to AAMCO;
>
> (3) thereafter make no representations or statements for commercial benefit that Franchisee is or ever was in any way approved, endorsed, associated or identified with AAMCO or the System in any manner whatsoever or that Franchisee is a former AAMCO franchisee; provided, however, Franchisee shall reimburse AAMCO for all

       customer warranty repairs made within an applicable warranty period arising from work performed at the Center;

    (4)  immediately take all steps necessary to amend or terminate any registration or filing of any fictitious name or any other registration or filing containing the AAMCO names and marks in order to effectuate the removal of the AAMCO names and marks from such registration or filing ...

*See* Franchise Agreement, § 19.2, Ex. "A" attached hereto.

    17.    Section 20 also provides in pertinent part as follows:

... Franchisee represents and warrants...[f]or a period of two (2) years after the termination of this Agreement for any reason, which two-year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 20, Franchisee shall not...within a radius of ten (10) miles of Franchisee's former Center and ten (10) miles of any other Center in operation at the time of termination or any Center that has commenced operation during the two-year period, begin or engage in any business the same as, similar to or in competition with such Center, except for a business previously approved by AAMCO pursuant to section 8(e).... .

*Id.* at § 20.

    18.    Despite the termination of their franchise and of any authority to continue in the transmission and general automotive repair business under the AAMCO name, Defendants have refused to take the actions required by Sections 19.2 or 20 of the Franchise Agreement. Specifically, Defendants refuse to remove the AAMCO name and trademark from the Center and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, have continued to operate a competing transmission and general automotive repair business at the former Center location under the name and style "AAMCO Transmissions", to hold themselves out to be an authorized ATI franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever.

5

19. In addition, Defendants continue to refuse to turn over to ATI all of the telephone numbers associated with former and current local Yellow Page ads and Internet listings for "AAMCO Transmission" associated with the Center.

20. Defendants have failed and refused to pay ATI amounts owed under the Franchise Agreement and have refused to comply with the post-termination provisions of the Franchise Agreement.

## COUNT I
## TRADEMARK INFRINGEMENT

21. ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 20 above.

22. Defendants have willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement.

23. Defendants continue to hold themselves out to the public as an authorized "AAMCO Transmission Center," which they are not.

24. Unless Defendants are enjoined, ATI believes and therefore avers that they will continue their infringing use of the AAMCO trade name and trademarks at the Center.

25. Unless Defendants are enjoined, their continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

26. Defendants' continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

27. The actions and conduct of Defendants as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

28. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendants are irreparable and continuing, and ATI has no adequate remedy at law.

29. Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

30. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendants' profits from the Center for the period since September 15, 2011, during which they have engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II
## BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

31. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 30 above.

32. As a result of the termination of Defendants' franchise, ATI is also entitled to specific performance of Section 19.2 of the Franchise Agreement, which requires Defendants to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name associated with the Center.

33. ATI is also entitled to specific performance of Section 20 of the Franchise Agreement which provides that, for a period of two (2) years, Defendants shall not, directly or indirectly, engage in any business the same as, or similar to, or in competition with any AAMCO Transmission Center, ATI or the AAMCO System within a radius of 10 miles of the Center or any other AAMCO Transmission Center.

34. Although Defendants' franchise has been terminated, Defendants continue to operate a transmission and general automotive repair business at the former Center location in violation of the covenant not-to-compete and in violation of ATI's trademark rights as stated in Count I above.

35. By refusing to honor the procedures after termination stated in Sections 19.2 and 20 of the Franchise Agreement, Defendants have misappropriated the goodwill generated under the AAMCO name causing ATI irreparable harm.

36. Defendants' failure to honor the procedures after termination stated in Sections 19.2 and 20 of the Franchise Agreement interferes with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

37. ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination, including the covenant not-to-compete, is ordered and injunctive relief granted to restrain Defendants' unlawful conduct, ATI will continue to suffer irreparable harm.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

38. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 37 above.

39. Defendants' conduct is in violation of the common law of unfair competition in that they are:

> (a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with their continuing business at the former Center location;

      (b) Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of their continuing business at the former Center location; and,

      (c) Representing to the public that the business continues to operate as an AAMCO Transmission Center with ATI's approval, which it does not.

40.    These acts by Defendants have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services at the Center; and with the intention of deceiving and misleading the public.

41.    Defendants' unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

42.    ATI is without an adequate remedy at law.

## COUNT IV
## BREACH OF CONTRACT

43.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 42 above.

44.    Pursuant to the Franchise Agreement, Defendants were required to pay to ATI seven and one half percent (7 ½ %) of the gross receipts of all business transacted by Defendants for the preceding week.

45.    Pursuant to the Franchise Agreement, Defendants were to pay ATI a proportionate share of the cost of creating certain advertising, including internet advertising, in accordance with formulas provided by the AAMCO National Creative Committee.

46.    As an additional service under the Franchise Agreement, ATI provides Defendants with the opportunity to buy certain parts, equipment and supplies through its "Parts Department" on credit. Defendants have availed themselves of this service.

47. Pursuant to the Franchise Agreement, ATI is also entitled to interest on all amounts due and owing under the said agreement in the amount of 18% per annum, as well as the costs and attorneys' fees in pursuing collection.

48. Defendants have an unpaid balance that has accrued under the Franchise Agreement, which balance remains due and owing to ATI, that presently exceeds $34,000.

49. In addition, Defendants have an obligation under the Franchise Agreement to participate in their local advertising cooperative and to make payment to the local advertising cooperative as assessed by the cooperative. Defendants have failed to make required payments to the local advertising cooperative.

50. ATI has incurred and continues to incur attorneys' fees and costs in enforcing the Franchise Agreement and collecting the amounts owed to ATI and to Defendants' local advertising cooperative.

51. Despite ATI's demands, Defendants have failed and refused, and continue to fail and refuse, to pay the monies due and outstanding to ATI and to Defendants' local advertising cooperative.

## COUNT V – COSTS AND ATTORNEYS' FEES

52. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 51 above.

53. Pursuant to Section 17 of the Franchise Agreement, Defendants agreed to pay all costs incurred by Plaintiff in collecting money owed under the Franchise Agreement, including attorneys' fees.

54. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

55. Plaintiff ATI has incurred and continues to incur attorneys' fees in the pursuit of this action.

## COUNT VI – DECLARATORY JUDGMENT

56. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 55 above.

57. Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation, operation and termination of the Franchise Agreement.

58. A dispute exists between Plaintiff and Defendants as to whether Defendants are in default of the Franchise Agreement and as to the termination of the Franchise Agreement.

59. Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendants and obeyed all applicable laws.

60. Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants.

61. Plaintiff has properly determined that Defendants were in violation of the Franchise Agreement as they have, inter alia, failed to honor their post termination obligations under the Franchise Agreement specifically including their obligation to de-identify and cease competing from the former Center location.

62. Plaintiff may/has properly terminate(d) the Franchise Agreement.

### RELIEF SOUGHT

WHEREFORE, based on the forgoing causes of action, ATI requests the following relief:

A. That Defendants, their respective officers, agents, servants, employees and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

        (i)     using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

        (ii)    advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and

        (iii)   doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

    B.    That Defendants deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

    C.    That Defendants transfer to ATI or at ATI's direction, each telephone number listed by them under the designation "AAMCO Transmission" or any similar designation, which are associated with the Center and which are linked to former and current local Yellow Page ads or Internet listings for "AAMCO Transmission", and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if they shall fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

    D.    That Defendants be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of their profits at the Center after September 15, 2011, and that these profits be awarded to ATI, along with all other damages for Defendants' violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

    E.    That Defendants be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate a transmission repair center for two (2) years at

or within ten (10) miles of the location of the former Center or any other AAMCO Transmission Center.

F. That Defendants be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendants to comply herewith.

G. That the Court enter a money judgment in favor of ATI and against Defendants for breach of contract damages for a sum to be determined but in excess of $34,000.

H. That the Court enter Declaratory Judgment that:

(i). Plaintiff did properly register, sell and enter into the franchise agreement with Defendants and obeyed all applicable laws;

(ii). Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants;

(iii). the Franchise Agreement has been properly terminated;

(iv). Defendants must comply with all provisions of Sections 19.2 and 20 of the Franchise Agreement; and

(v). Plaintiff may remove any telephone number(s) which are linked to former and current Internet or Yellow Page ads for "AAMCO Transmission" associated with the Center.

I. That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

_____
William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900